L. CHARLES WRIGHT,
Retired Appellate Judge.
In February 1990 Shelby Medical Center filed a complaint in the District Court of Shelby County against Norville Dutton, alleging payment due for services rendered. Dutton filed a motion for summary judgment. Following a hearing, the trial court denied the motion and found for the Medical Center.
Dutton thereafter filed notice of appeal to the circuit court. The Medical Center filed a motion for summary judgment. Following a hearing, the Medical Center’s motion was granted. Dutton appeals.
It is undisputed that Dutton received medical treatment from the Medical Center and that the charges relating to that treatment were $2,041. Dutton alleges, however, that he is not responsible for payment of the expenses.
In brief, Dutton alleges that the parties entered into a stipulation concerning the facts. The Medical Center denies this, and the record is devoid of any stipulated facts. From what we are able to glean from the scant record before us and from Dutton’s argument, it appears that an alleged peti *687 tion for commitment was filed in the probate court by Dutton’s wife asserting that Dutton was mentally ill and in need of commitment. The probate court committed Dutton to the Medical Center for evaluation and treatment. Dutton was released from the Medical Center within six days. The petition was then dismissed.
Dutton contends that the county should bear the medical expenses because the county had him committed. He insists that he is indigent and cannot afford to pay the expenses. He asserts that the probate court made a finding of indigency in the probate proceedings, as evidenced by its claim for payment of legal fees by the state. He insists that this evidence of indi-gency is equally applicable to the payment of the medical expenses. The record reveals that Dutton is a part-time dentist.
Dutton’s argument reflects facts not found in the record. The record before this court consists only of the clerk’s record. We are unable to determine what, if anything, transpired in the probate court concerning Dutton’s “commitment” and the probate court’s finding of indigency for cost of court purposes.
When the record is silent, this court cannot presume the existence of facts and make it a ground for reversal. Keasler v. Hampton, 568 So.2d 1242 (Ala.Civ.App.1990). With such an insufficient record and argument before us, we are precluded from entertaining Dutton’s allegation of error.
The judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.